**ELIAS Z. SHAMIEH** (IN. SBN #14339-49)
Attorney at Law
**DINA M. SOKHN** (CA SBN #233516)
Attorney at Law
703 Market Street, Suite 1700
San Francisco, CA 94103
Phone: (415)777-0700
Facsimile: (415)543-0891

Attorneys for Plaintiff
**ABDULLAH DERAMSIS**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **ABDULLAH DERAMSIS**  Plaintiff,  v.  **ROBERT MUELLER III**, Director, Federal Bureau of Investigation; **EMILIO GONZALES**, Director, U.S.Citizenship and Immigration Services (USCIS); **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security (DHS); **MICHAEL MUKASEY**, U.S. Attorney General, Department of Justice (DOJ); **DAVID N. STILL**, District Director, USCIS; **TERRY RICE**, San Francisco Field Office Director, USCIS | Civil Action No.:  **COMPLAINT FOR WRIT OF MANDAMUS**  USCIS No.: A 98 257 224  IMMIGRATION CASE |

Plaintiff, Abdullah Deramsis, by and through counsel, alleges the following:

**INTRODUCTION**

1.     This action is brought by Plaintiff to compel Defendants to process the necessary background checks and adjudicate his application for Adjustment of Status to Permanent

*Deramsis v. Mueller et al.*                    1
*Complaint for Writ of Mandamus*

Residence (Form I-485). Plaintiffs are eligible to have their Applications adjudicated.

2. Plaintiff, Abdullah Deramsis, is currently an applicant for adjustment of status to lawful permanent residence.

3. Defendant Robert S. Mueller, is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI"). He is responsible for conducting both criminal record checks and the National name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

4. Defendant, Emilio Gonzales, is sued in his official capacity as the Director of USCIS, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-485 applications for adjustment of status.

5. Defendant Michael Chertoff, is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. §1103(a) including the accurate, efficient and secure processing of immigration benefits.

6. Defendant, Michael Mukasey, is sued in his official capacity as the Attorney General of the United States and is charged with the authority and duty to direct, manage, and supervise all employees and all files and records of the Department of Justice, including the security checks required to obtain an immigration benefit such as adjustment of status to lawful permanent residence.

7. Defendant, David Still, is sued in his official capacity as the District Director of San Francisco USCIS District.

8.  Defendant, Terry Rice is sued in her official capacity as the Field Office Director of San Francisco USCIS District.

## JURISDICTION

9.  This is a civil action brought pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1361, to redress the deprivation of rights, privileges and immunities secured to Plaintiff to compel Defendants to perform a duty Defendants owe to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §701.

10. Jurisdiction is also conferred by 5 U.S.C. 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC 702 et seq.

11. The aid of the Court is invoked under 28 USC 2201 and 2202, authorizing declaratory judgment.

12. Costs and Attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 USC 504 and 28 USC 2412(d), et seq.

## VENUE

13. Venue is proper in San Francisco, California and the Northern District of California since Plaintiff resides in Northern California.

## EXHAUSTION OF REMEDIES

14. Plaintiff has exhausted his administrative remedies. Plaintiff made an inquiry concerning the status of his I-485 application to no avail. Plaintiff has no other adequate remedy available for the harm he seeks to redress—the failure of Defendants to adjudicate his application for adjustment of status to permanent residence in a timely manner.

## FACTS

15. Plaintiff applied for adjustment of status to lawful permanent residence (Form I-485) on October 29, 2004 with the USCIS.

16. On February 23, 2005, plaintiff and his spouse were interviewed by the USCIS San Francisco District Office. The interview was concluded and the officer informed the plaintiff and his spouse that a decision could not be made on his adjustment of status application until the security checks were completed.

17. Plaintiff made an inquiry to USCIS concerning this application on October 26, 2006 and received a response that his case is still pending due to a security check.

18. Plaintiff understands the need for a criminal record check and a security/name check clearance for applicants for permanent residence. However, Plaintiff's name check clearance request has been pending with Defendant Mueller for years. Plaintiff suspects that no actual background investigation is ongoing at this time and it is very likely that this case will not be adjudicated for an eternity unless the court ordered Defendants to complete the name check/security investigation in a reasonable amount of time. Plaintiff asserts that the Defendants have no legal basis for failing to proceed with the case.

## CLAIMS

19. Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Plaintiff Applications to Adjust Status, Form I-485, thereby depriving the Plaintiff of the benefit of becoming Permanent Residents of the United States.

20. Defendants owe Plaintiff a duty to adjudicate their Applications, and have unreasonably failed to perform that duty.

**PRAYER**

21.    **WHEREFORE**, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enters an order:

(a) requiring Defendants to have their agents process this case to a conclusion.

(b) awarding Plaintiff's reasonable attorney's fees and costs of court and

(c) granting such other relief at law and in equity as justice may require.

Respectfully submitted this 27th day of November, 2007.

_____
ELIAS Z. SHAMIEH
Attorney for Plaintiff

_____
DINA M. SOKHN
Attorney for plaintiff